UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2013 JAN 22  P 4: 05

U.S. DISTRICT COURT
BRIDGEPORT, CONN

KURTULUS K. KALICAN,
Plaintiff,

v.

JAMES E. DZURENDA, et al.,
Defendants.

PRISONER
CASE NO. 3:12-cv-1009 (SRU)

ORDER OF DISMISSAL

The plaintiff, Kurtulus K. Kalican, currently incarcerated at the MacDougall Correctional Institution in Suffield, Connecticut, has filed a complaint *pro se* under 42 U.S.C. § 1983 (2000) seeking damages from the defendants. The named defendants in the original complaint are District Administrator James E. Dzurenda, Warden Lee, Deputy Warden Adgers, Unit Managers Rodriguez and Hannah, Grievance Coordinators Trapasso and Hicks, Lieutenant Provencher and Correctional Officers McKanzie, G., Genovise, Bubbitt and Santini. The complaint was received by the court on July 9, 2012. Kalican also has filed an amended complaint adding eighteen defendants.

The incidents described in the original complaint occurred between November 24, 2008, and June 5, 2009. On August 13, 2012, the court explained that the original complaint appeared to have been filed beyond the three-year limitations period[1] and ordered Kalican either to show

---

[1] The limitations period for filing a civil rights action is three years. *Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir. 1994) (holding that limitations period for filing section 1983 action in Connecticut is three years). *Pro se* prisoner complaints are considered to have been filed on the day the prisoner gives the complaint to prison officials for mailing. *See Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993) (holding that a *pro se* prisoner complaint is deemed filed as of the date the prisoner gives the complaint to prison officials to be forwarded to the court) (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988)).

that he mailed the complaint to the court before June 5, 2012, or demonstrate cause why the limitations period should be equitably tolled. In response, Kalican stated that he originally mailed an unsigned complaint to the court on March 15, 2012. The complaint was returned to him. Kalican states that he did not re-mail the complaint to the court until July 5, 2012. He provided no explanation why he waited so long to originally mail the complaint or why he waited four months to resubmit the complaint.

The limitations period may be equitably tolled if Kalican can show that "he has been pursuing his rights diligently" and that "some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Kalican has presented no facts warranting equitable tolling. Accordingly, the original complaint is dismissed as time-barred.

Along with his response, Kalican has filed an amended complaint containing two new claims. These claims are identified as Count One and Count Three. The claim in the original complaint was labeled Count Two. Although his assumption is incorrect, Kalican assumes that the amended complaint will supplement the original complaint, and has referred to his complaint as containing three counts.

The incidents underlying the first claim occurred between August 15, 2008, and May 10, 2009. These incidents, like those in the original complaint are beyond the limitations period. The first claim is time-barred. Most of the allegations in the third claim concern incidents occurring between April 4, 2009, and July 1, 2009. Claims arising from these incidents also are time-barred.

There are only two incidents that fall within the limitations period. Kalican alleges that on August 26, 2009, Warden Alves dismissed his disciplinary appeal. Kalican alleges that he

2

was not satisfied with the way Warden Alves resolved his disciplinary appeal. Dissatisfaction with an appeal does not state a cognizable claim for violation of due process.

To establish a substantive due process violation, Kalican must identify conduct that may be considered "so brutal and offensive to human dignity as to shock the conscience." *Silvera v. Department of Corrections*, No. 3:09-cv-1398(VLB), 2012 WL 877219, at *15 (D. Conn. Mar. 14, 2012) (internal quotation marks and citations omitted). In the prison context, the Supreme Court has found only two examples of conduct that sufficiently shock the conscience to rise to the level of a substantive due process violation: transfer to a mental hospital and the involuntary administration of psychotropic medication. *See Sandin v. Conner*, 515 U.S. 472, 479 n.4 (1995). In general, there is no liberty interest in avoiding confinement under more adverse conditions. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).

To state a valid procedural due process claim, Kalican must allege both inadequate procedures and interference with a protected liberty or property interest. He must show that he had a protected liberty interest and that he was not afforded the requisite process before he was deprived of that interest. *See Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000). To determine whether Kalican had a protected liberty interest in avoiding segregation, the court again looks to *Sandin*, where the Supreme Court held that state-created liberty interests of prisoners were limited to freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." 515 U.S. at 483-84. The rule in this Circuit, since *Sandin*, is that a prisoner has a protected liberty interest "'only if the deprivation . . . is atypical and significant and the state has created the liberty interest by statute or regulation.'" *Tellier v. Fields*, 280 F.3d 69, 80 (2d Cir. 2000) (quoting *Sealey v. Giltner*, 116 F.3d 47, 52 (2d

3

Cir. 1997)) (omission in original); *see also Palmer v. Richards*, 364 F.3d 60, 64 & n.2 (2d Cir. 2004). Kalican provides no information suggesting that he experienced an atypical and significant hardship. Thus, he fails to state a claim for denial of due process.

Kalican also alleges that between August and October 2010, Property Officer Fantona lost or destroyed some of his property. Loss of property is not cognizable under section 1983. The Supreme Court has held that the Due Process Clause is not violated where a prison inmate loses personal belongings due to the negligent or intentional actions of correctional officers, if the state provides an adequate post-deprivation compensatory remedy. *See Hudson v. Palmer*, 468 U.S. 517, 531 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543 (1981). The State of Connecticut provides an adequate remedy for the kind of deprivation the plaintiff describes. *See* Conn. Gen. Stat. § 4-141 *et seq.* (providing that claims for payment or refund of money by the state may be presented to the Connecticut Claims Commission). That state remedy is not rendered inadequate simply because the plaintiff anticipates a more favorable remedy under the federal system or because it may take a longer time under the state system before his case is resolved. *See Hudson*, 468 U.S. at 535.

Accordingly, pursuant to 28 U.S.C. § 1915A, the original complaint [**Doc. #1**] is **DISMISSED** as time-barred and the amended complaint [**Doc. #11**] is **DISMISSED** as time-barred and for failure to state a claim with respect to the claims against Warden Alves and Property Officer Fantona. The Clerk is directed to enter judgment and close this case.

**SO ORDERED** this 22nd day of January 2013, at Bridgeport, Connecticut.

/s/ Stefan R. Underhill, USDJ

Stefan R. Underhill
United States District Judge