UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KURTULUS K. KALICAN, | : | |
|     Plaintiff, | : | |
| | : | PRISONER |
| v. | : | CASE NO. 3:12-cv-1009 (SRU) |
| | : | |
| JAMES E. DZURENDA, et al., | : | |
|     Defendants. | : | |

RULING ON PLAINTIFF'S MOTIONS FOR RECONSIDERATION [Doc. ##14, 16]

The plaintiff, Kurtulus Kalican, commenced this action with a complaint asserting three claims. On January 22, 2013, the court dismissed most of the claims as time-barred and the remaining claims as failing to state cognizable claims. Kalican now seeks reconsideration of the dismissal. For the reasons that follow, the motions are denied.

Reconsideration will be granted only if the moving party can identify controlling decisions or data that the court overlooked and that would reasonably be expected to alter the court's decision. *See Schrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration may not be used to relitigate an issue the court already has decided. *See SPGGC, Inc. v. Blumenthal*, 408 F. Supp. 2d 87, 91 (D. Conn. 2006), *aff'd in part and vacated in part on other grounds*, 505 F.3d 183 (2d Cir. 2007).

The complaint was submitted in three sections, each designated as a separate count. The court received the complaint on July 12, 2012. It was signed on May 9, 2012. Each section was drafted as a separate complaint; each has a separate cover page with a case caption listing only

the defendants relevant to that claim. The caption on the top page, as the complaint was received by the court, was designated Count 2. Pursuant to the requirement that all defendants be listed in the case caption, the court considered the complaint to be filed against only those defendants listed on the first page of the complaint. On August 13, 2012, the court informed Kalican that the allegations in what he had designated as Count 2 appeared to be time-barred and afforded him an opportunity to explain why the statute of limitations should be tolled. Kalican responded to the order and, on November 2, 2012, filed an amended complaint in which he included all three sections of the original complaint.

In the order regarding the timeliness of the complaint, the court directed Kalican to provide evidence that he mailed the complaint to the court before June 5, 2012, or show why the limitations period should be equitably tolled. In response, he only stated that he originally mailed an unsigned complaint to the court in March 2012. The complaint was returned to him but he did not re-mail the complaint to the court until July 5, 2012. Kalican provided no explanation why he waited so long to mail the unsigned complaint or why he waited four months to sign and resubmit the complaint. Thus, the court concluded that Kalican had not shown that equitable tolling was warranted and dismissed the amended complaint. The court also considered the merits of two claims in the amended complaint that did fall within the limitations period and dismissed those claims.

In his first motion for reconsideration, Kalican attempts to amplify his explanation for the delay in filing the complaint. He states that he mailed a signed complaint to the court on an unspecified date after March 30, 2012, when he received the returned complaint. He also explains that he had to contact the court to request forms. The additional information he

provides includes no dates and does not explain why the complaint was not filed before June 5, 2012. Kalican clearly had the correct forms before June 5, 2012, because the complaint was signed in early May 2012. Kalican knew all of the information in the motion for reconsideration before he responded to the court's August 13, 2012 order. He cannot seek reconsideration to "plug gaps in an original argument or to argue in the alternative once a decision has been made." *Horsehead Resource Dev. Co., Inc. v. B.U.S. Envtl. Serv., Inc.*, 928 F. Supp. 287, 289 (S.D.N.Y. 1996) (internal quotation marks and citations omitted). Thus, the requested relief is not warranted.

In the second motion for reconsideration, Kalican seeks permission to revise the complaint to assert only the timely claims. He does not, however, address the dismissal of those claims on the merits. Because Kalican has not identified any controlling facts or law that would alter the dismissal of the claims, the relief requested in the second motion for reconsideration also is denied.

The motions for reconsideration [**Doc. ##14, 16**] are **GRANTED**. After review, the requested relief is **DENIED**.

**SO ORDERED** this 6th day of August 2013, at Bridgeport, Connecticut.

                                        /s/ Stefan R. Underhill
                                        Stefan R. Underhill
                                        United States District Judge