UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KURTULUS K. KALICAN,         :
         Plaintiff,          :
                             :
    v.                       :     CASE NO. 3:12-cv-1009 (SRU)
                             :
JAMES E. DZURENDA, et al.,   :
         Defendants.         :

### RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION

On April 21, 2015, the Court entered a second Initial Review Order (the "Second Review Order") (doc. # 29) dismissing claims included in the original and amended complaints arising from events occurring after March 15, 2009, but not considered in a prior order (the "First Review Order") filed in this case (doc. # 13). Judgment entered on April 29, 2015. The plaintiff, Kurtulus K. Kalican, has filed an objection to the judgment (doc. #31). In the objection, Kalican seeks reconsideration of the dismissal of the claims in Count Three of his amended complaint. Accordingly, the Court considers the motion as a motion for reconsideration.

Reconsideration will be granted only if the moving party can identify controlling decisions or data that the court overlooked and that would reasonably be expected to alter the court's decision. *See Schrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Any new evidence must be "truly newly discovered or could not have been found by due diligence." *Space Hunters, Inc. v. United States*, 500 F. App'x 76, 81 (2d Cir. 2012). A motion for reconsideration may not be used to relitigate an issue the court already has decided. *See SPGGC, Inc. v. Blumenthal*, 408 F. Supp. 2d 87, 91 (D. Conn. 2006), *aff'd in part and vacated in part on*

*other grounds*, 505 F.3d 183 (2d Cir. 2007).  The court strictly construes the rules permitting reconsideration to avoid repetitive arguments on issues the court already has considered fully.  *In re Adelphia Commc'n Corp. Sec. and Derivative Litig.*, No. 03-MD-1529(JMF), 2015 WL 268846, at *1 (S.D.N.Y. Jan. 21, 2015).   A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits or otherwise taking a second bite at the apple."  *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted).

In his motion, Kalican concedes that the claims included in Counts One and Two are time-barred.  *See* Mot. for Reconsideration 1 (doc. # 31).  He argues, however, that the claims included in Count Three are timely.  Kalican's argument is misplaced.  The court has considered the merits of all claims based on incidents occurring after March 15, 2009 in either the First Review Order or the Second Review Order.  Thus, all of Kalican's claims were dismissed on the merits, not because they were untimely.

Nothing in Kalican's motion alters the conclusion that the allegations in Count Three fail on the merits.  First, the Eleventh Amendment precludes an award of damages against state officials in their official capacities; thus, there is no relief available against any of the other defendants named in Count Three.  Kalican concedes in his motion that to recover damages, he was required to name the defendants in their individual capacities.  *See* Mot. for Reconsideration 7.  Because he failed to name most of the defendants in their individual capacities, reconsideration of the dismissal of the claims against them is not warranted.

Second, the claims against the defendants sued in their individual capacities fail to state a claim upon which relief may be granted.  The only defendants in Count Three named in their

individual capacities are defendants Dzurenda, Alves, Butrick and Donahue.  There are no allegations whatsoever against defendant Dzurenda.  Defendant Butrick is referenced in connection with Kalican's claim for lost property and defendant Alves in Kalican's claim for denial of due process resulting in confinement in restrictive housing.  The court considered and dismissed those claims on the merits in the First Review Order and the dismissal was upheld on appeal.  *See* Mandate of USCA 2 (doc. # 28) (concluding that the district court properly dismissed the due process and property claims).

Kalican states that he does not know what defendant Donahue's duties are, but that she failed to take action when he complained to her about Officer Sosause's harassment on May 5, 2009.  The court has determined that harassment is not cognizable under section 1983.  Absent an underlying constitutional violation, there is no basis for a claim against defendant Donahue for failing to take action.  *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) (listing criteria for supervisory liability which depend on underlying constitutional violation).  Relief is therefore denied with regard to the claims against defendants Dzurenda, Alves, Butrick and Donahue.

Finally, even if Kalican had named the remaining defendants in their individual capacities, the claims against them would still be dismissed.  Kalican identifies four claims in his motion: (1) the matter involving Officer Sosause beginning May 4, 2009; (2) the matter involving disciplinary charges beginning July 7, 2009; (3) the matter involving the typewriter and discrimination beginning December 6, 2009; and (4) the incident resulting in confinement in restrictive housing beginning August 29, 2009.

Kalican's first claim involves his interactions with Officer Sosause beginning on May 5, 2009. The Court previously addressed those allegations and held that claims for harassment are not cognizable under section 1983. Second Review Order 8-9. Kalican argues that Officer Sosause's actions were retaliatory. To state a retaliation claim, Kalican must show that his actions were protected by the Constitution or federal law and that his protected conduct was a "substantial or motivating factor" in the allegedly retaliatory conduct. *Friedl v. City of New York*, 210 F.3d 79, 85 (2d Cir. 2000). Because claims of retaliation are easily fabricated, the courts consider such claims with skepticism and require that they be supported by specific facts; conclusory statements are not sufficient. *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983). To support a claim of retaliation, the allegedly retaliatory conduct must deter a similarly situated inmate of ordinary resolve from exercising his constitutional rights. *Gill v. Pidlpchak*, 389 F.3d 379, 381 (2d Cir. 2004). Lesser conduct is considered *de minimis* and will not support a retaliation claim. Prisoners are expected to tolerate more serious conduct than other persons before stating a retaliation claim. *Santiago v. Whidden*, No. 3:10-cv-1839(VLB), 2012 WL 668996, at *6 (D. Conn. Feb. 29, 2012).

Although Kalican alleges that he engaged in protected conduct, he does not allege that Officer Sosause was aware of that conduct. Kalican alleges that all interactions with Officer Sosause after May 5, 2009 were retaliatory. Those conclusory allegations are insufficient to convert harassment claims into retaliation claims. Further, the only allegation against Officer Sosause that postdates May 5, 2009, is the incident on July 1, 2009, when Officer Sosause used profanity, threw Kalican's ID on the floor and ripped up his medical pass. Am. Compl. 42-43 (doc. # 11). Those actions are *de minimis* and would not deter an inmate of ordinary resolve

from exercising constitutional rights. *See, e.g.*, *Mateo v. Alexander*, No. 10 Civ. 8427(LAP)(DCF), 2012 WL 864805, at * 4 (S.D.N.Y. Mar. 14, 2012) (insulting, disrespectful or hostile comments insufficient to support retaliation claim); *Snyder v. McGinnis*, No. 03-CV-0902, 2004 WL 194972, at *11 (W.D.N.Y. Sept. 2, 2004) (deprivation of meals on two occasions insufficient to support retaliation claim); *Rivera v. Goord*, 119 F. Supp. 2d 327, 340 (S.D.N.Y. 2000) (being shoved to ground on one occasion insufficient to support retaliation claim). Kalican fails to allege a cognizable retaliation claim.

Kalican's second claim relates to a disciplinary charge he received on July 7, 2009. The only allegations in Count Three regarding July 2009 concern an encounter between Kalican and Officer Sosause on July 1, 2009. Kalican alleges that Officer Sosause stopped him as he was leaving the dining hall after breakfast and used profanity. When Kalican asked Officer Sosause not to use profanity, Officer Sosause threw Kalican's ID on the floor and ripped up Kalican's medical pass. After the encounter, Kalican proceeded to the medical department, took his medication and returned to his cell. Kalican told Officer Guzman about the incident, but nothing was done. Kalican does not allege that he received a disciplinary charge for this incident. Am. Compl. 42-44. The court can discern no constitutional right that was violated.[1]

Kalican describes his third claim as involving use of a typewriter and stated that the incidents began in December 2009. There are no references to any incidents occurring after August 2009 in Count Three. In fact, the only reference to a typewriter in Count Three is a claim

---

[1] In his motion, Kalican includes allegations concerning a different encounter with Officer Sosause on the evening of July 7, 2009. Mot. for Reconsideration 5. A motion for reconsideration is not a vehicle to amend the complaint to include new claims. The court can consider new evidence only if the evidence is "truly newly discovered or could not have been found by due diligence." *Space Hunters*, 500 F. App'x at 81. Kalican has been aware of this incident for nearly six years and provides no explanation for failing to include it in his complaint. This claim is not properly before the court on a motion for reconsideration.

entitled "Obstruction of Justice/Fundamental Fairness maken (*sic*) false statements Life, Liberty or property interest." *Id.* at 32. In support of this claim, Kalican merely states: "All the correction officers statements about the typewriter." *Id*. The court has held that Kalican has no independent claim for a typewriter and determined that he failed to allege facts demonstrating an actual injury to support a claim for denial of access to the courts based on the lack of a typewriter. Second Review Order 9-10.

In his motion, Kalican refers to allegations regarding denial of a typewriter in May 2009, a different claim than the one he seeks to reopen. He argues that he sought a typewriter because was unable to afford paper and wanted the paper that was provided with the typewriter. Kalican cannot convert a claim for denial of a typewriter to a claim for denial of paper in a motion for reconsideration. *See Analytical Surveys*, 684 F.3d at 52 (cannot use motion for reconsideration to take second bite of the apple by presenting new legal theories). In addition, Kalican fails to allege facts showing an actual injury. He claims that a lack of paper in May and June 2009 prevented him from timely returning a signed complaint to the court in this case. This action was filed in 2012, three years after the alleged lack of paper. The 2009 incident is unrelated to Kalican's failure to sign and return his complaint for four months in 2012. Kalican's claim regarding denial of a typewriter fails to state a claim.

In his motion, Kalican also addresses a First Amendment claim for interference with his religious exercise. The court assumes that this argument is based on the allegation that in April 2009 Officer Sosause told Kalican that he could not go to the dining hall with his kufi in his pocket. Although the Second Circuit has not determined whether an inmate must make a threshold showing that the disputed conduct substantially burdened his sincerely held religious

6

beliefs to state First Amendment free exercise claim, *Holland v. Goord*, 758 F.3d 215, 220-21 (2d Cir. 2014), there must be some burden on religious beliefs to support a First Amendment claim. *Id.* at 222.  Kalican alleges in Count Three that he only wore the kufi to religious services.  Am. Compl. 41.  He was not prevented from doing so.  There are no facts alleged in Count Three suggesting that being prohibited on one occasion from carrying his kufi to the dining hall in his pocket in any way burdened Kalican's ability to exercise his religion.  Thus, he fails to allege facts to support a cognizable First Amendment free exercise claim.

Kalican's motion for reconsideration (**doc. #31**) is **GRANTED** but the relief requested is **DENIED**.

**SO ORDERED** at Bridgeport, Connecticut, this 5th day of June 2015**.**

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge